# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEPREET SINGH,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ JR., et al.,<br>Respondents. | Case No. EDCV 26-4226 PVC<br><br>**MEMORANDUM DECISION AND ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 9); ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

## I.
## INTRODUCTION

On July 28, 2026, Petitioner Lovepreet Singh ("Petitioner"), an immigrant who had been in immigration custody since June 2025, filed through counsel a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1).[1] The Petition challenged Petitioner's

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

prolonged detention by immigration authorities pending removal from the United States without an adequate custody determination. (*Id.* at 9–12). Petitioner alleges that his detention violates his rights under the Due Process Clause of the Fifth Amendment, 8 U.S.C. §§ 1226 and 1231(a)(6), and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*).

On August 4, 2026, Respondents filed an Answer. (Dkt. No. 7.) Respondents argued that Petitioner has failed to exhaust his administrative remedies, noted that Petitioner has already received a bond hearing after which the Immigration Judge found him to be a flight risk. (*Id.* at 2–4).

On August 6, 2026, Petitioner filed a Traverse. (Dkt. No. 8). Petitioner argues that he did not appeal the bond denial, but that the Court should waive exhaustion because exhaustion would have been futile, and the bond hearing in January 2026 did not comport with due process. (*Id.* at 2–14).

On September 11, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order, seeking a TRO ordering Petitioner's release under prior conditions of release, or reasonable conditions of supervision, or in the alternative, ordering Respondents to provide a constitutionally adequate custody hearing within seven days and to release Petitioner if they fail to do so. (Dkt. No. 9 at 21). Petitioner argues that the IJ's January 2026 order denying bond does not comport with due process because it is a single sentence and does not rest on a contemporaneous record sufficient to permit review. (*Id.* at 17).

On September 14, 2026, Respondents replied, arguing that the Court should deny Petitioner's request for a TRO because Petitioner hasn't shown "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by the

expedited briefing schedule." (Dkt. No. 10 at 2).

For the reasons discussed below, Petitioner's *Ex Parte* Application (Dkt. No. 9) is DENIED, but Respondents are ORDERED to provide Petitioner with a new individualized bond hearing within seven days or immediately release him under his prior conditions of release.

## II.
## DISCUSSION

As an initial matter, the Court agrees with Respondents that Petitioner hasn't shown the sort of "imminent, irreparable harm," other than the generalized harm of detention applicable to every other habeas petitioner, sufficient to warrant an emergency TRO. Therefore, Petitioner's *Ex Parte* Application for a TRO (Dkt. No. 9) is DENIED.

As to the claims of the underlying Petition, Petitioner has received post-detention process, including a bond hearing before an Immigration Judge on January 8, 2026. (Dkt. No. 7 at 47–48). The IJ's order following that hearing provides in full:

> The Court considered [Petitioner's] request for bond. However, DHS met its burden to establish by clear and convincing evidence that [Petitioner's] release would pose such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate.
>
> **Order:**
> Bond is denied.

(Dkt. No. 7 at 47).

Due process "requires a contemporaneous record" of a bond hearing sufficient to permit this Court to review the adequacy of that hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Respondents may do so by providing a transcript or a recording of the hearing. *Id.* Respondents have not lodged a transcript or a recording of the January 2026 bond hearing. The lack of a transcript or recording may be harmless if they would not reveal any error that is not sufficiently apparent from the IJ's memorandum decision. *Singh*, 638 F.3d at 1209. But as Petitioner notes, the IJ's decision's "single-sentence recitation of the standard, unaccompanied by any identified evidence, any individualized finding, or any consideration of alternatives" to detention (Dkt. No. 9 at 17), does not allow this Court to meaningfully review the adequacy of the bond hearing. Therefore, the Court grants Petitioner's alternative request for a new bond hearing.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED THAT (1) Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. No. 9) is DENIED; (2) Respondents are ORDERED within seven days of the date of this Order to immediately release Petitioner Lovepreet Singh (A number 226-134-938) under his prior conditions of release or provide him with a new individualized bond hearing that comports with due process, after which the IJ shall make individualized findings, identifying the specific evidence on which those findings are based, and supported by a contemporaneous record; and (3) the Parties are ORDERED within 14 days of the date of this Order to file a joint status report informing the Court of Petitioner's current custody status and the outcome of any bond hearing, whether any issues

remain, and if so, submit a proposed briefing schedule.

DATED: November 10, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE